UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaCEDRIC W. JOHNSON, | 1:14-cv-01252-LJO-EPG-PC |
| Plaintiff, | <u>ORDER FINDING COGNIZABLE CLAIMS</u> |
| vs. | ORDER FOR PLAINTIFF TO EITHER: |
| ISAAC GONZALEZ, et al., | (1)  NOTIFY THE COURT THAT HE IS WILLING TO PROCEED ONLY ON THE CLAIMS FOUND COGNIZABLE BY THE COURT, FOR DENIAL OF ACCESS TO COURTS AGAINST DEFENDANTS GONZALEZ AND MARTINEZ, AND RELATED STATE CLAIMS, |
| Defendants. | |
| | OR |
| | (2)  NOTIFY THE COURT THAT HE DOES NOT AGREE TO PROCEED ONLY ON THE COGNIZABLE CLAIMS, SUBJECT TO A RECOMMENDATION THAT THE NON-COGNIZABLE CLAIMS BE DISMISSED FROM THIS ACTION |
| | THIRTY-DAY DEADLINE |

I.    **BACKGROUND**

LaCedric W. Johnson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On July 28, 2014, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  On November 19, 2014, Plaintiff filed the First Amended Complaint as a matter of course under Fed. R. Civ. P. 15(a).  (ECF No.

10.)  The Court screened Plaintiff's First Amended Complaint and issued an order on April 6, 2016.  (ECF No. 12).  Plaintiff filed a Second Amended Complaint (SAC) on April 22, 2016, which is now before this Court for screening.

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

## III.    SUMMARY OF SECOND AMENDED COMPLAINT

The events at issue in the Second Amended Complaint allegedly occurred at Pleasant Valley State Prison (PVSP) in Corcoran, California, where Plaintiff is presently incarcerated in the custody of the California Department of Corrections and Rehabilitation (CDCR).  Plaintiff names as defendants Isaac Gonzalez, correctional officer at PVSP, and A. Martinez, correctional officer at PVSP ("Defendants").

2

On September 17, 2012, Plaintiff was rehoused to Delta 4 segregation unit at PVSP.  At that time, Plaintiff had five boxes of legal files to active cases in state and federal courts and three boxes of personal and Islamic religious materials.

PVSP has a policy of confiscating all but 6 cubic feet of inmate property.  On September 18, 2012, Defendants Gonzalez and Martinez told Plaintff "we are going to break-down your prop-erty to 6 cubic feet," and began discarding personal, religious and legal files.  Plaintiff told Defendants about his five ongoing cases.  Defendant Martinez told Plaintiff "If it don't have a heading and a current date, throw it away."  Defendants threw away all of Johnson's personal documents, social security documents, religious materials, family obituaries, and legal documents.  Plaintiff was not allowed to store or send home any documents.

Plaintiff was prejudiced in his active cases from losing his legal property.  In case No. 2:08-cv-01609-KJM-KJN, all discovery responses were discarded, which prevented Plaintiff from reviewing them prior to Plaintiff's deposition.  Plaintiff was forced to settle in that case as Defendants discarded irreplaceable witness declarations.  The SAC lists specific harms to other pending cases from lacking his legal property.

Plaintiff filed a CDC 602 Appeal/Grievance against Defendants.  Later, Plaintiff was given some of his property, including six months of legal mail and a Georgetown Law Journal book that had been missing.  Plaintiff's grievance was ultimately denied.

Plaintiff also filed a complaint with the California Victim Compensation and Government Claims Board, claim number G609714, within six months of the incident.  That claim was rejected at a hearing on April 18, 2013.  Plaintiff then filed a conversion of property complaint against Defendants in Fresno Superior Court on August 5, 2013.

Plaintiff suffered harassment and denial of court ordered court call conferences, and was brutally beaten on January 29, 2014, resulting in hospitalization.  The beating is the subject of a separate complaint for excessive force and deliberate indifference to medical needs pending in this court, 1:14-cv-01601-LJO-SKO-PC.  Plaintiff was unable to pursue the Fresno Superior Court action due to mental anguish, severe depression, head trauma and bodily

injuries from the beating.  Plaintiff suffered from two denials of court calls on December 23, 2013 and January 6, 2014 by prison staff and was ordered to show cause by the Fresno Superior Court judge.  On February 20, 2014, Plaintiff voluntarily dismissed the Fresno Superior Court case based on the brutal beating and also property deprivation.  The dismissal was without prejudice.

The SAC brings three claims.  Claim One asserts denial of access to courts in violation of the First Amendment of the U.S. Constitution.  Claim Two asserts a due process claim for property deprivation in violation of the Fourteenth Amendment to the U.S. Constitution.  Claim Three asserts a state pendant claim of property conversion.

## IV.   PLAINTIFF'S CLAIMS

### A.   42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the

4

meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"   Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).   "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."   Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).   This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."   Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Plaintiff brings three distinct causes of action against Defendants in the First Amended Complaint, for (1) denial of access to courts, (2) violations of due process, and 3) property conversion.  (ECF No. 10 at 13-15.)

## B.   Denial of Access to Courts

Inmates have a fundamental constitutional right of access to the courts and prison officials may not actively interfere with Plaintiff's right to litigate.   Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). Courts have traditionally differentiated between two types of access claims, those involving the right to affirmative assistance, and those involving inmate's right to litigate without *active interference*. Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011) (abrogated on other grounds) (emphasis added).

Prisoners have the right to pursue claims that have a reasonable basis in law or fact without active interference.   Id. at 1103-04 (finding that repeatedly transferring the plaintiff to different prisons and seizing and withholding all of his legal files constituted active interference) (*abrogated* on other grounds by Coleman v. Tollefson, -- U.S. --, 135 S.Ct. 1759 (2015)).   The complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it. Christopher v. Harbury, 536 U.S. 403.   Mere inconvenience to Plaintiff resulting from lost,

misplaced, or confiscated legal documents will not suffice to support a constitutional claim. Silva, 658 F.3d at 1103–04.

Defendants' actions must have been the proximate cause of actual prejudice to Plaintiff. Id. To state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation" by being shut out of court. Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348, 351); Harbury, 536 U.S. at 415; Phillips, 588 F.3d at 655.

Construing Plaintiff's allegations generously, Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007), the Court finds that Plaintiff states a cognizable claim for denial of access to courts against Defendants Martinez and Gonzalez, for knowingly confiscating and destroying Plaintiffs' legal files, resulting in specific prejudice to Plaintiff in ongoing cases.

### C.   Violation of Due Process

Prisoners have a protected interest in their personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  An authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 4 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985).  However, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson, 468 U.S. at 533.

California Law provides a post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Government Claims Act[1] requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of

---

[1] This Act was formerly known as the California Tort Claims Act.  City of Stockton v. Superior Court, 42 Cal. 4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

action accrues.   Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act.  Bodde, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges that Defendants Martinez and Gonzalez improperly confiscated Plaintiff's personal property, which indicates that the deprivation of property was intentional and unauthorized.  Thus, Plaintiff's remedy would be found under California law.  Plaintiff alleges compliance with California's Government Claims Act, and thus may pursue his claim.

Based on the foregoing, Plaintiff fails to state a due process claim for deprivation of his personal property.

D.    **State Law Claims – Conversion of Property**

Plaintiff brings a claim against Defendants for conversion of property, which is a tort. Plaintiff is informed that violation of state tort law is not sufficient to state a claim for relief under § 1983.   To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976).  Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," with specific exceptions.  "Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is a 'common nucleus of operative fact between the state and federal claims.'"  Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (quoting Gilder v. PGA

*Tour, Inc.*, 936 F.2d 417, 421 (9th Cir.1991)).  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

In this instance, the Court has found a cognizable § 1983 claim in the Second Amended Complaint for denial of access to courts against Defendants Martinez and Gonzalez. Therefore, at this juncture, the Court shall exercise supplemental jurisdiction over Plaintiff's conversion claim that forms part of the same case or controversy as Plaintiff's cognizable federal claim.[2]

## V.      CONCLUSION AND ORDER

The Court has screened Plaintiff's Second Amended Complaint and finds that it states cognizable claims against Defendants Martinez and Gonzalez for denial of access to courts. Plaintiff also asserts state law claims against Defendants.  However, Plaintiff states no other cognizable claims against either of the Defendants.

Plaintiff shall be granted thirty days in which to file a written response to the Court, either (1) notifying the Court that he is willing to proceed only on the claims found cognizable by the court, for denial of access to courts against defendants Gonzalez and Martinez, and related state claims, or (2) notifying the Court that he does not agree to proceed only on the cognizable claims, subject to a recommendation that the non-cognizable claims be dismissed from this action.

If Plaintiff is willing to proceed only on the cognizable claims, the Clerk shall be directed to forward to Plaintiff documents for initiation of service of process by the United States Marshal upon Defendants Martinez and Gonzales.

*///*

*///*

---

[2]At this stage of the proceedings, the Court makes no determination about the viability of Plaintiff's state tort claim.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's Second Amended Complaint states cognizable claims for denial of access to courts in violation of the First Amendment, against Defendants Gonzalez and Martinez, and brings related state law claims;

2.      Within thirty days of the date of service of this order, Plaintiff is required to file a written response to the Court, <u>either</u>:

> (1)      Notifying the Court that he is willing to proceed only on the claims found cognizable by the court, for denial of access to courts against defendants Gonzalez and Martinez, and related state claims;
>
> <u>Or</u>
>
> (2)      Notifying the Court that he does not agree to proceed only on the cognizable claims, subject to a recommendation that the non-cognizable claims be dismissed from this action.

3.      Plaintiff's failure to comply with this order may result in the dismissal of this case for failure to comply with a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   **September 12, 2016**       /s/ *Erica P. Grosjean*

                                            UNITED STATES MAGISTRATE JUDGE