UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEDRIC W. JOHNSON,<br><br>            Plaintiff,<br><br>      vs.<br><br>ISAAC GONZALEZ, *et al.*,<br><br>            Defendants. | Case No. 1:14-cv-01252-LJO-EPG-PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION FOR COSTS AND STAY BE DENIED**<br><br>(ECF No. 23)<br><br>**OBJECTIONS, IF ANY, DUE IN THIRTY DAYS** |

Plaintiff LaCedric W. Johnson is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The case is currently proceeding on the Second Amended Complaint (the "SAC") filed by Plaintiff on April 22, 2016. (ECF No. 13.) The SAC names Defendants Isaac Gonzalez and A. Martinez and alleges federal and state claims for denial of access to courts in violation of the First Amendment. In particular, the SAC alleges that the Defendants searched Plaintiff's cell on September 18, 2012 and destroyed documents related to several different state and federal cases that Plaintiff was litigating at the time.

On December 12, 2016, Defendants filed a Motion for Costs and Request for Stay under Rule 41(d) of the Federal Rules of Civil Procedure. Defendants contend that Plaintiff

1

previously filed identical claims in state court, voluntarily dismissed the state case, and proceeded to file the present case in federal court. Defendants ask the Court to require Plaintiff to pay the costs they incurred in litigating the state case and to place a stay on the present case until those costs are paid.

## I. BACKGROUND

On August 19, 2013, Plaintiff filed a complaint in Fresno County Superior Court. (Defendants' Request for Judicial Notice, Exh. A, ECF No. 24 (the "State Complaint").) The State Complaint named correctional officers I. Gonzalez and A. Martinez as defendants and alleged that on September 18, 2012, both defendants searched his property and confiscated or destroyed property relating to "Ninth Circuit Case No. 11-16994, 12-16655, U.S.D.C. Eastern District of California Case No. 2:08-CV-1609-KJM-KJN, U.S.D.C. Northern District of California Case No. 12-0720 JST, and a state appeal SC36915, A136223, S204477." (State Complaint ¶ 6.) Plaintiff alleged two causes of action against defendants: one for conversion and one for intentional infliction of emotional distress.

The State Complaint was served and the defendants filed a demurrer. On December 12, 2013, the demurrer was sustained on the IIED claim but overruled on the conversion claim.

Plaintiff alleges that on January 29, 2014, he was subjected to a strip search by a group of correctional officers in the shower. Defendants Gonzalez and Martinez were not among the correctional officers. Plaintiff alleges that he was then pepper-sprayed and beaten by the correctional officers, that he was hog-tied, and that the officers placed a hood over his head to prevent decontamination from the pepper-spray. This conduct is the subject of a separate complaint that Plaintiff filed in *Johnson v. Frauenheim et al.*, Case No. 1:14-cv-01601-LJO-SKO on October 10, 2014. [1] Plaintiff initiated at least one of the staff complaints in the CDCR appeals process for *Johnson v. Frauenheim* on March 20, 2014.

On April 23, 2014, Fresno County Superior Court dismissed the State Complaint after Plaintiff filed a request to voluntarily dismiss the action. Plaintiff then filed his initial complaint

---

[1] That case was dismissed for failure to exhaust administrative remedies on March 1, 2017.

2

in this case on July 28, 2014. (ECF No. 1.) His complaint in the current case alleges that on September 18, 2012, Defendants I. Gonzalez and A. Martinez searched his property and confiscated or destroyed documents relating to several court cases.

## II. REQUESTS FOR JUDICIAL NOTICE

Both parties have requested that the Court take judicial notice of a variety of documents. Defendants ask the Court to take judicial notice of the State Complaint, the order regarding the demurrer to the State Complaint, and the order granting voluntary dismissal of the State Complaint. Plaintiff asks the Court to take judicial notice of the complaint he filed in *Johnson v. Frauenheim, et al.*, case no. 1:14-cv-01601-LJO-SKO. Neither party objects to the requests for judicial notice and all the records for which notice is sought are public court records maintained by either the U.S. District Court or Fresno County Superior Court.

Courts may take judicial notice of facts "not subject to reasonable dispute" when they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The Court takes judicial notice of the requested documents. *U.S. v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (courts may "take judicial notice of 'matters of public record'"). The Court notes, however, that its ability to take judicial notice of these records is limited to notice of the existence of these records and the proceedings described therein—the Court cannot judicially notice disputed facts within those documents. For example, the Court may take judicial notice of the facts that Plaintiff filed complaints in *Johnson v. Frauenheim* and in the Fresno County Superior Court case, but may not assume the truth of any of the facts alleged in those complaints. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity'"), *quoting S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999).

///

### III.  DISCUSSION

Under Rule 41(d) of the Federal Rules of Civil Procedure, a plaintiff may be required to pay the costs incurred in prior litigation against the same defendants:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.

"Rule 41(d) is 'intended to serve as a deterrent to forum shopping and vexatious litigation.'" *Esquivel v. Arau*, 913 F.Supp. 1382, 1386 (C.D. Cal. 1996), *quoting Simeone v. First Bank Nat'l Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992). It "conveys 'broad discretion' on federal courts to order stays and payment of costs," but neither costs nor a stay is "mandatory." *Id.*, *citing United Trans. Union v. Maine Cent. R.R. Corp.*, 107 F.R.D. 391, 392 (D. Me. 1985). "It is appropriate for a court to exercise its discretion and award costs where doing so is warranted to prevent prejudice to the defendant." *Holt v. Kormann*, Case No. SACV 11-01047 DOC (MLGx), 2012 WL 5829864, at *2 (C.D. Cal. Nov. 15, 2012), *citing Esquivel*, 913 F.Supp. at 1387. Conversely, "a court may refuse to order a stay pending the payment of costs 'if it appears that there was a good reason for the dismissal of the prior action or that the plaintiff is financially unable to pay the costs.'" *Prest v. Jermstad*, 250 F.R.D. 506, 507-508 (S.D. Cal. 2008) (declining to stay case until costs were paid because it "would effectively end the case").

It is evident from the face of the SAC that the allegations in this action are identical to those Plaintiff alleged in the State Complaint. Both complaints arise out of the search and confiscation of Plaintiff's property on September 18, 2012. Both complaints allege that Defendants destroyed court documents relating to several of Plaintiff's pending court cases. And both complaints allege that Defendants Gonzalez and Martinez were the acting parties.

It is also undisputed that Plaintiff filed the State Complaint, dismissed that complaint, and then proceeded to file a complaint in this action. Thus, it is within the Court's discretion to require Plaintiff to pay the costs of litigating the State Complaint before proceeding in the

present case. To do so would also, arguably, promote the purpose of Rule 41(d)—Plaintiff admits that he was, to some extent, forum shopping by filing suit in federal court. (Opposition Brief 3:22-24, ECF No. 28 ("Plaintiff chose to pursue the claims in the federal forum which better protects inmates['] fundamental rights during litigation . . .").

Plaintiff contends that he voluntarily dismissed the State Complaint only because of the beating he suffered on January 29, 2014 and because other officers at his institution had interfered with his attempts to litigate his state court action. Plaintiff claims that he was "forced to voluntarily dismiss the state court action" after the beating. *Id.* at 2:13-17. Notably, however, the alleged beating did not dissuade Plaintiff from filing the CDCR appeals that initiated the *Frauenheim* litigation or from re-initiating this litigation in federal court.

Despite some indications of forum shopping, Plaintiff is ill-equipped to pay an assessment of costs. Plaintiff is proceeding *in forma pauperis* in this litigation. (ECF No. 6.) He also explains in his opposition that he receives only $27 per month as wages for his job at his institution. An order assessing over $4,000 in costs and fees, as the Defendants have requested, would be impossible for Plaintiff to pay. Defendants also request that the Court impose a deadline of sixty days for Plaintiff to pay the amount due, "[s]o that this matter is not stayed indefinitely." (Motion 5:12-13, ECF No. 23.) Presumably, the case would be dismissed if Plaintiff was unable to make timely payment.

Thus, a grant of the Motion would be, in essence, a grant to dismiss the case at this juncture. While the Court is sympathetic that Defendants were required to expend unnecessary time and resources to defend against the State Complaint, it observes that such an outcome may simply be part and parcel of litigation in California state court.[2] *See* Cal. Code. Civ. Proc. § 581 (allowing voluntary dismissal without prejudice "at any time before the actual commencement of trial"). Given Plaintiff's status as a *pro se* individual and his lack of financial means, wholesale dismissal of his case on these grounds would be an unduly harsh penalty.[3] *Lee v.*

---

[2] The Court also observes that Defendants may avoid a similar outcome in federal court by filing an answer or motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A).

[3] Defendants are, of course, entitled to use any of the rulings regarding the State Complaint, where appropriate, for collateral estoppel purposes in this case.

*Philip Morris, Inc.*, Case No. C-02-05270 MHP, 2003 WL 23341206, at *4 (N.D. Cal. Aug. 4, 2003) ("dismissal for failure to pay previously assessed costs is an extreme sanction only to be used in rare circumstances."), *citing Bautista v. Los Angeles Cnty.*, 216 F.3d 837 (9th Cir. 2000); *Phoenix Canada Oil Co. Ltd. v. Texaco, Inc.*, 78 F.R.D. 445, 448 (D. Del. 1978) ("Rule 41(d) confers broad discretion upon the federal courts . . . a court will be reluctant to stay an action brought in good faith, especially when a plaintiff financially is unable to pay the former costs."). Defendants' Motion should therefore be denied.

## IV. CONCLUSION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' Motion for Costs of Dismissed Action and Request for Stay (ECF No. 23) be DENIED. Defendants should further be required to file a responsive pleading to Plaintiff's Second Amended Complaint within 30 days of the adoption of these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)** days after being served with these Findings and Recommendations, any party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 22, 2017**                    /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE

6