# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEDRIC JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>ISAAC GONZALEZ AND A. MARTINEZ,<br><br>Defendants. | 1:14-cv-1252-LJO-EPG<br><br>**MEMORANDUM DECISION AND ORDER RE FINDINGS AND RECOMMENDATIONS RE DEFENDANTS' MOTION FOR COSTS AND STAY (Doc. 32)** |

## I.     INTRODUCTION

Plaintiff Lacedric Johnson, a state prisoner proceeding *pro se* and *in forma pauperis* in this action brought under 28 U.S.C. § 1983, previously brought a suit in state court against the same Defendants based on the same facts, but on different legal theories. After the parties litigated briefly, Plaintiff voluntarily dismissed the case. Approximately three months later, he filed this case.

Defendants now move under Federal Rule of Civil Procedure 41(d)[1] to recoup the attorney's fees and costs they expended in the state-court action, and request that the Court stay this case until Plaintiff pays those fees and costs. The Magistrate Judge issued Findings & Recommendations ("F&Rs"), which recommended that Defendants' request be denied entirely. *See* Doc. 32 at 1. Defendants timely filed objections, and Plaintiff timely filed a statement of non-opposition to the F&Rs. Docs. 34, 35.

For the following reasons, the Court declines to adopt the F&Rs. The Court finds that, as a matter of law, Defendants are not entitled to an award of attorney's fees, but awards them the costs

---

[1] All further references to any "Rule" are to the Federal Rules of Civil Procedure unless otherwise indicated.

1 associated with defending Plaintiff's state-court case.

2 ## II.    FACTUAL AND PROCEDURAL BACKGROUND

3 In August 2013, Plaintiff filed a complaint in the Superior Court for the County of Fresno,

4 asserting two California common law claims against Defendants for (1) intentional infliction of

5 emotional distress ("IIED") and (2) conversion. Doc. 24 at 4. Defendants demurred, and in December

6 2013, the trial court sustained the demurrer as to the IIED claim, but overruled it as to the conversion

7 claim. *Id.* at 31. In April 2014, the trial court granted Plaintiff's motion to dismiss the case voluntarily

8 without prejudice. *Id.* at 40.

9 Three months later, Plaintiff filed this case, which asserts various constitutional claims and re-

10 asserted Plaintiff's conversion claim against the same Defendants named in the state-court case based on

11 the same facts as alleged in Plaintiff's state court case.[2] Plaintiff testified that he did so because, among

12 other reasons, (1) other prison officers—not Defendants—physically assaulted him and interfered with

13 his ability to litigate the case, and (2) he "chose to pursue the claims in the federal forum which better

14 protects inmates['] fundamental rights during litigation and is better served to promote the judicial

15 process." Doc. 38 at 5. After twice screening Plaintiff's complaint, the Court eventually found Plaintiff

16 had stated certain constitutional claims, and exercised supplemental jurisdiction over the conversion

17 claim. *See* Docs. 16, 20, 22. This case now proceeds on those claims. *See* Docs. 20, 22.

18 Shortly after being served, Defendants filed a motion under Rule 41(d) to recover the costs they

19 expended in defending Plaintiff's state-court case and to stay this case until Plaintiff pays those costs,

20 with a deadline of sixty days. Doc. 23. Defendants request approximately $400 in costs and $4,100 in

21 attorney's fees, for a total of approximately $4,500 in fees and costs. *See* Doc. 23-1 at 5.

22 The Magistrate Judge issued F&Rs in which she recommends that Defendants' motion be denied

23 entirely. Doc. 32. The Magistrate Judge reasoned that to award Defendants fees and costs with a sixty-

24 ─────────────

25 [2] The Magistrate Judge that "[i]t is evident from the face of [Plaintiff's operative complaint] that the allegations in this action are identical to those Plaintiff alleged in the State Complaint." Doc. 32 at 4. Plaintiff did not object to this finding and, in any event, the Court agrees with it.

day deadline, when Plaintiff is a prisoner proceeding *in forma pauperis*, would effectively amount to a dismissal, which is "an unduly harsh penalty." Doc. 32 at 5.

Defendants object to the F&Rs "as effectively exempting Plaintiff from Rule41(d) due to his *in forma pauperis* status," and ask the Court to conduct a de novo review of their Rule 41(d) motion. Doc. 34 at 2 (citing 28 U.S.C. § 636(b)(1)(C); Rule 72(b)(3)). Plaintiff has no objections to the F&Rs.Doc. 34.

### III.   <u>ANALYSIS</u>

Rule 41(d) provides in relevant part:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

A threshold issue is whether Defendants may recover attorney's fees as "costs" under Rule 41(d). There is no binding precedent from the Supreme Court or Ninth Circuit, and both district and appellate courts across the country are split on the issue. As one District Judge of the Southern District of California correctly explained, "[t]he Ninth Circuit has not directly addressed this issue, and the district courts in California are split." *Platinum Logistics, Inc. v. Platinum Cargo Logistics, Inc.*, No. 3:15-cv-617-CAB-KSC, 2015 WL 11921401, at *5 (S.D. Cal. Sept. 15, 2015) (collecting cases). "Other circuit courts are split on this issue as well." *Id.* (collecting cases).

The Sixth Circuit, noting that "many courts have permitted an award of attorney fees under Rule 41(d)," has found that they are nonetheless unavailable under that Rule. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 875 (6th Cir. 2000).[3] The court reasoned that the plain language of Rule 41(d)(1) mentions costs, not attorney fees, and observed that a number of other Rules authorize an award of costs *and* fees. *See id.* ("For instance, whereas Rule 41(d) only speaks of 'costs' and does not mention

---

[3] Although the *Rogers* court considered a prior version of Rule 41(d) that has since been amended, the amendments are immaterial here.

attorney fees, several other provisions in the Federal Rules explicitly provide for recovery of attorney fees. *See Simeone v. First Bank Nat'l. Ass'n*, 125 F.R.D. 150, 155 (D. Minn. 1989) (listing Fed. R. Civ. P. 30(g)(2), 37(a)(4), 37(c), 37(d) & 56(g)).”). “In addition, Title 28 U.S.C. § 1920 lists the items a court may tax as 'costs' to a prevailing party under Rule 54(d) but does not include attorney fees,” so “Congress does not consider attorney fees to be part of an award of 'costs'” in some instances. *Id.*

The Court agrees with the logic and conclusion of *Rogers*. In a number of circumstances, “[w]here Congress has intended to provide for an award of attorney fees, it has usually stated as much and not left the courts guessing.” *Id.* at 874. If Congress intended to permit courts to award attorney's fees under Rule 41(d), it would have made that grant of authority explicit. Accordingly, the Court OVERRULES Defendants' objections to the F&Rs and DENIES their request for an award of attorney's fees for the fees associated with Plaintiff's state-court case.[4]

The plain language of Rule 41(d)(1) provides that the Court may award costs to Defendants, however. Rule 41(d) is intended to, among other things, prevent forum shopping, including attempts to “gain any tactical advantage by dismissing and refilling th[e] suit.” *Id.* at 874; *see also Andrews v. America's Living Ctrs., LLC*, 827 F.3d 306, 309 (4th Cir. 2016). Plaintiff testified that he filed this case after voluntarily dismissing his state-court case for two reasons: (1) he was physically assaulted by prison officers who interfered with his ability to litigate the case[5] and (2) he believes this Court “better protects inmates['] fundamental rights during litigation.” Thus, according to his own testimony, Plaintiff voluntarily dismissed his state-court case and re-filed it in this Court because he believes it is a more favorable forum that state court. In other words, Plaintiff's actions were motivated, at least in part, by an attempt to forum shop, as the Magistrate Judge recognized. The Court therefore concludes that an award

---

[4] The Magistrate Judge did not address the issue of whether Defendants are entitled to attorney's fees under Rule 41(d). The Court declines to adopt the F&Rs to the extent they recommend denying Defendants attorney's fees because the Magistrate Judge did so on the basis that Plaintiff should not be required to pay anything.

[5] As the Magistrate Judge correctly observed, this assertion is belied by the fact that “[t]his conduct is the subject of a separate complaint that Plaintiff filed” in this Court, which was filed after a prison grievance and appeals process. *See* Doc. 32 at 5.

of costs to Defendants is appropriate, and declines to adopt the Magistrate Judge's recommendation that no costs be awarded.

Rule 41(d) appears to provide the Court with broad discretion to fashion an appropriate costs award. When determining the amount of a costs award in civil rights cases, such as this one, the Court "should consider the financial resources of the plaintiff." *Stanley v. Univ. of So. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999); *see also Garza v. Citigroup, Inc.*, 311 F.R.D. 111, 117 (D. Del. 2015) (awarding costs under Rule 41(d) in part because "plaintiff has not persuaded the court that it would be unable to pay an award of costs").

As noted, Defendants seek approximately $400 in costs. Plaintiff testifies that his "sole source of financial stability is his $27.00 per month [from] inmate job pay wages." Doc. 28 at 3.[6] The Court finds that an award of $400 is appropriate. Plaintiff is ORDERED to pay Defendants $400 on or before July 7, 2017.

## IV.    CONCLUSION AND ORDER

For the foregoing reasons, the Court declines to adopt the F&Rs. Defendants are awarded $400. This case is STAYED until July 7, 2017, or until Plaintiff pays Defendants, whichever is first. Failure to pay the owed amount, or failure to explain what amount has been paid and why it has not all been paid before the July 7, 2017 deadline, will result in this case's being dismissed.

IT IS SO ORDERED.

Dated:   **May 16, 2017**                    **/s/ Lawrence J. O'Neill**
                                             UNITED STATES CHIEF DISTRICT JUDGE

---

[6] Plaintiff should have thought of the expenses involved to others when he decided to the play the game of forum shopping. Now those expenses are his own.