1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   LACEDRIC W. JOHNSON,                    **Case No. 1:14-cv-01252-LJO-EPG (PC)**

12                        Plaintiff          **FINDINGS AND RECOMMENDATION
                                             REGARDING PLAINTIFF'S MOTION
13         v.                                FOR INJUNCTIVE RELIEF**

14   ISAAC GONZALEZ, *et al.*,               (ECF Nos. 36, 37)

15                        Defendants.

16

17   **I.      BACKGROUND**

18          Plaintiff LaCedric W. Johnson is a state prisoner proceeding *pro se* and *in forma pauperis*

19   in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action by the

20   filing of a Complaint on July 18, 2014. (ECF No. 1.) This action is currently proceeding on

21   Plaintiff's Second Amended Complaint against Defendants Isaac Gonzalez and A. Martinez,

22   corrections officers at Pleasant Valley State Prison. (ECF No. 13.) Plaintiff alleges that

23   Defendants Gonzalez and Martinez discarded and converted Plaintiff's legal mail and legal files

     for five actives cases thereby depriving him of access to the court. (ECF No. 13.)
24
            On May 8, 2017, Plaintiff filed a motion for an order to show cause for a temporary
25
     restraining order and preliminary injunction and a motion for preliminary injunction. (ECF Nos.
26
     36, 37.)  Plaintiff states that he will be transferred from Pleasant Valley State Prison to a different
27
     prison within 30 days of the filing of these motions. Plaintiff seeks an order enjoining Defendants,
28

                                                     1

R & R Sgt. Carr, Warden Scott Frauenheim, Litigation Coordinator Geringer, their successors in office, agents and employees, and all other persons acting in concert and in participation with them from confiscating, losing, and destroying his personal property, including legal files for this action, during his transfer to a different prison. Defendants did not file opposition to Plaintiff's motions.

## II.    DISCUSSION

The purpose of a temporary restraining order or preliminary injunction is to preserve the relative positions of the parties until a hearing or trial on the merits can be held. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). A plaintiff seeking preliminary injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

Requests for prospective relief, such as a temporary restraining order or preliminary injunction, are also limited by the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Furthermore, in considering a request for preliminary injunctive relief, the Court is bound by the requirement it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). The Court is also bound by the requirements of personal jurisdiction. *Zepeda v. U.S.I.N.S.*, 753 F.2d 719, 727 9th Cir. 1983). The Court may not attempt to determine the rights of persons not before it. *Id.*

Here, R & R Sgt. Carr, Warden Scott Frauenheim, Litigation Coordinator Geringer, their successors in office, agents and employees are not parties to this action. The order Plaintiff seeks would thus require actions by persons who are not before the Court. Therefore, the Court lacks jurisdiction to grant preliminary injunctive relief against these parties.

With respect to Defendants, Plaintiff's request is now also beyond the reach of the Court. On July 5, 2017, Plaintiff filed a Notice of Change of Address to San Quentin State Prison. It

appears Plaintiff's transfer is complete. Therefore, Plaintiff's request is moot.

Nevertheless, if Plaintiff's property was confiscated, lost, or destroyed during the process of his transfer, Plaintiff may bring an appropriate motion for relief. To the extent it has interfered with his ability to go forward with this case, Plaintiff should bring it to this Court's attention.

## III. RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for an order to show cause for a temporary restraining order and preliminary injunction and motion for preliminary injunction be DENIED as moot.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**August 17, 2017**__          /s/ Erica P. Groj

UNITED STATES MAGISTRATE JUDGE

3