# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEDRIC W. JOHNSON,<br><br>Plaintiff<br><br>v.<br><br>ISAAC GONZALEZ, *et al.*,<br><br>Defendants. | Case No. 1:14-cv-01252-LJO-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING DEFENDANT GONZALEZ'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT RECOMMENDING THAT IT BE GRANTED IN PART AND DISMISSED IN PART**<br><br>(ECF No. 45) |

## I. BACKGROUND

Plaintiff LaCedric W. Johnson is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action by the filing of a Complaint on July 18, 2014. (ECF No. 1.) This action is currently proceeding on Plaintiff's Second Amended Complaint against Defendants Isaac Gonzalez and A. Martinez, corrections officers at Pleasant Valley State Prison, on Plaintiff's denial of access to court claim and related state claims. (ECF Nos. 13, 22.)

Defendant Gonzalez filed a motion to dismiss on July 3, 2017 on the grounds that Plaintiff's Second Amended Complaint fails to state a First Amendment claim and that Plaintiff's state law claim is barred because he failed to comply with the California Government Claims Act.

1

In particular, Defendant Gonzalez claims that court documents subject to judicial notice establish that Plaintiff did not suffer any injury from the alleged violation of access to courts, and that Plaintiff failed to file this case within 6 months of receiving notice from the California Victim Compensation and Government Claims Board. (ECF No. 45). Defendant Martinez filed a joinder in the Motion to Dismiss. (ECF No. 52). Plaintiff filed an opposition on July 24, 2017, (ECF No. 50), and Defendant Gonzalez filed a reply on July 31, 2017. (ECF No. 51).

For the reasons set forth below, the Court recommends that Defendant's Motion to Dismiss be GRANTED in part and DENIED in part. The Court agrees that court documents regarding some of Plaintiff's cases pending at the time of Defendant's alleged interference with Plaintiff's access to the courts indisputably establish that any interference could not have affected those cases. The Court disagrees as to other underlying cases and recommends allowing Plaintiff's claim for denial of access to the courts as to certain specific cases. The Court recommends dismissing Plaintiff's related state law claims because although Plaintiff filed a separate state law action within the 6-month period, he did not filed this case within that period, even if the period is tolled during the pendency of that earlier case.

## II. LEGAL STANDARDS FOR MOTION TO DIMISS

The Federal Rules of Civil Procedure allow for the dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss brought pursuant to this rule "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing the sufficiency of a complaint, a court accepts all well-pleaded allegations as true and construes those allegations in the light most favorable to the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008)).

## III. JUDICIAL NOTICE

Defendant Gonzalez asks this Court to take judicial notice of public court records for the cases cited in Plaintiff's Second Amended Complaint.

While generally, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," *Fed. R. Civ. P.*

12(d), the court may "consider certain materials without converting the motion for judgment on the pleadings into a motion for summary judgment. Such materials include . . . matters of judicial notice." *Tumlinson Group, Inc. v. Johannessen,* No. 2:09–cv–1089, 2010 WL 4366284, at *3 (E.D. Cal. Oct. 27, 2010) (internal citations omitted); *see also Lee v. City of Los Angeles,* 250 F.3d 668, 688–89 (9th Cir. 2001) (holding court may properly take judicial notice of "matters of public record" without converting to summary judgment motion). Additionally, Federal Rule of Evidence 201(d) permits a court to take judicial notice of a fact "that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (Fed. R. Evid. 201(b)).

Plaintiff does not oppose Defendant's request for judicial notice. On the contrary, Plaintiff requests judicial notice of certain additional case documents related to his underlying cases. Additionally, both parties request judicial notice of documents regarding Plaintiff's Victim Compensation and Government Claims Board Claim No. G609714.

Because the parties request judicial notice of documents that are part of the public record and which are referred to in Plaintiff's Second Amended Complaint, and because neither party objects to the requests for judicial notice, the Court will grant Defendant and Plaintiff's request for judicial notice and take them into consideration for the motion to dismiss.

### IV. DISCUSSION

This action proceeds on Plaintiff's Second Amended Complaint, filed on April 22, 2016, against defendants Isaac Gonzalez and A. Martinez on Plaintiff's denial of access to court claim and related state claims (ECF No. 22).

Inmates have a constitutional right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). Claims for the denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 413-15 (2002).

For backward-looking claims, a plaintiff "must show: (1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that

may be awarded as recompense but that is not otherwise available in a future suit." *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing *Christopher*, 536 U.S. at 413-14), *overruled on other grounds by Hust v. Phillips*, 555 U.S. 1150 (2009).

Thus, to have standing to bring this type of claim, an inmate must allege that he has suffered an actual injury. *Lewis*, 518 U.S. at 351-52; *Vandelft v. Moses*, 31 F.3d 794, 798 (9th Cir. 1994).

Plaintiff's Second Amended Complaint pleads the following regarding his injury for the denial of access to the courts:

> In U.S.D.C. Eastern District of California case No. 2:08-cv-01609-KLM-KJN all discovery requests and responses to Request for Admissions, Interrogatories and Production of Document Request were discarded by the defendants depriving Johnson of review of said documents prior to his January 2013 deposition hearing with the assigned Deputy Attorney General William H. Downer.
> Plaintiff suffered as he was forced to settle in case 2:08-cv-01609-KJM-KJN as defendants discarded irreplaceable Declaration of Nick Daley (deceased) and Abraham Calderon both eye-ear witnesses whose testimony would have strengthened his claims and could have been provided as leverage for a higher settlement or enforcement of trial.
> In both Ninth Circuit Court of Appeal case(s) which were habeas corpus challenging prison disciplinary due process violations 11-16994 and 12-16655 Defendants discarded documentary evidence, reference materials and brief. The actions of the Defendants Il. Gonzalez and A. Martinez prejudice viable claims he suffered 260 days loss of good time/worktime credits increasing the sentence release date, permanent loss of family overnight visitation privileges. [sic]
> U.S.D.C. Northern District of California case No. 12-0720-JST was a habeas corpus challenging unauthorized/void/excessive sentence which Plaintiff is presently serving. The actions of I. Gonzalez and A. Martinez prejudiced the preceedings [sic] as they discarded Plaintiff's briefs and evidentiary documentation during Order to Show Cause traverse stage of the proceeding resulting in a denial without documents to proceed to the Ninth Circuit Court of Appeals. Johnson suffered to endure serving the excess of over a decade of an unauthorized sentence and any further challenge via habeas corpus would be denied as 'successive' petition.
> Defendants I. Gonzalez and A. Martinez discarding Johnson's legal files to Superior Court of California County of San Mateo interfered with client-attorney privelege [sic] and hindered his ability to assist counsel in presenting claims of unauthorized illegal excessive sentence resulting in denial and serving the remainder of the sentence which is in excess of a decade.
> . . .
> The brutal beating mentioned above resulted in a complaint being actively

4

pursued in this Court U.S.D.C. Eastern District of California case number 1:14-cv-01601-LJO-SKO (PC) for Excessive Force and Deliberate Indifference to Medical Needs.

 Plaintiff was unable to pursue Superior Court of California County of Fresno case number 13CECG02602 due to mental anguish, severe depression, head trauma and body injuries along with the fact A. Martinez and another officer discarded Johnson's property again when rehoused in Delta 4 segregation unit on February 5, 2014 alleging they were complying with the 6' cu. ft. property limit policy.

 Plaintiff suffered from the two (2) denial of court calls December 23, 2013 and January 6, 2014 by prison staff and Judge Kristi C. Kapetan scheduled an Order to Show Cause Hearing for missing court calls.

 February 20, 2014, Johnson filed a Voluntary Dismissal of California Superior Court County of Fresno case #13CECG-2602 base upon the brutal beating and property deprivation.

. . .

 Defendant's I. Gonzalez and A. Martinez actions in destroying and and [sic] depriving Johnson of his property violated Johnson's First Amendment right to access to court when the property deprivation denied Johnson of the due process of a meaningful adversarial right to litigate resulting in losing viable habeas corpus claims in Ninth Circuit prison disciplinary appeals and U.S. District Court Northern District of California case challenging his unauthorized/illegal/void excessive sentence which he suffers until 2027 . . . .

(ECF No. 13).

In his Motion to Dismiss, Defendant Gonzalez argues that court papers from each of these cases prove that the alleged interference in access to the courts did not affect the dispositions in these cases.

**A. Cases Where Plaintiff Submitted Relevant Briefs Prior to the Interference**

For a number of cases, Defendant Gonzalez argues that the alleged interference in access to the courts came after the time the underlying court had disposed of the case, or after Plaintiff had already submitted his relevant pleadings.

Notably, the earliest interference alleged in Plaintiff's Second Amended Complaint was September 18, 2012. (ECF No. 13, at 3).

In *Johnson v. Walker*, Ninth Circuit Case No. 11-16994, the docket for that case indicates that all briefs had been filed before September 18, 2012, although a decision was rendered after this time. (ECF No. 46, at 8). The Court agrees that this docket establishes that any interference on September 18, 2012, or later would not have affected the outcome of this appeal.

In *Johnson v. Walker*, Ninth Circuit Case No. 12-16655, the docket indicates that Plaintiff

filed his notice of appeal on August 20, 2012, before the alleged interference. The Court denied Plaintiff's request for a certificate of appealability on September 19, 2012, one day after the alleged interference. (ECF No. 46, at 14). The Court agrees that this docket establishes that any interference on September 18, 2012, or later would not have affected the outcome of the appeal.

In *People v. Johnson*, San Mateo Superior Court Case No. SC036915A, the Court entered judgment on June 11, 2012, before any alleged interference. (ECF No. 46, at 53). The Court agrees that this docket establishes that any interference on September 18, 2012, or later would not have affected the outcome of the appeal.

In *Johnson v. S.C. (People),* California Supreme Court Case No. S204477, Plaintiff filed an untimely petition for review on August 3, 2012, before the alleged interference. (ECF No. 46, at 63). The California Supreme Court allowed the petition to proceed and denied it on the merits on September 19, 2012, one day after the alleged interference. The Court agrees that this docket establishes that any interference on September 18, 2012, or later would not have affected the outcome of the appeal.

### B. Cases Where Plaintiff Submitted Briefs After the Interference

Defendant also points to a number of cases where the dockets show that Plaintiff, or Plaintiff's attorney, successfully filed briefs after September 18, 2012, notwithstanding the interference.

In *Johnson v. Brazelton*, N. D. Cal. Case No. 3:12-cv-00720-JST, Plaintiff moved for an extension of time to respond to the motion to dismiss on November 30, 2012. The court granted Plaintiff's motion for an extension of time to file an opposition and Plaintiff successfully filed an opposition. The court granted the motion to dismiss the petition after consideration of Plaintiff's submission. (ECF No. 46, at 50).

Regarding this case, Plaintiff argues in response that he was forced to file a motion for extension of time. (ECF No. 50, at 9). However, the docket indicates that this motion for extension of time was granted and the Court had the benefit of Plaintiff's brief when rendering its decision. The requirement to file an extension of time alone is not a sufficient injury to support a claim for denial of access to the courts.

Plaintiff also argues regarding the *Johnson v. Brazelton* case:

6

> [T]he case was prejudiced by Defendants Gonzalez and Martinez discarding his legal files which contained material evidence, documentation to tolling and due diligence, i.e., retainer documents of Frank G. Prantil who died with Plaintiff's filed in his possession and subsequent notice and forwarding of the files by an associate or friend who forwarded the files, evidence of CSP Solano, New Polson and CMC East prisons interfering with or unauthorized holding Plaintiff's files, but not limited to, all facts contributing to tolling provisions which were not available based upon egregious acts or omissions by Defendants resulting in prejudice.
> Plaintiff was not able to engage in a meaningful adversarial role in prosecuting his case or establish [sic] a record to substantiate probable cause to warrant a Certificate of Appealability (COA).

(ECF No. 50, at 9).

As to this case, the Court finds that Plaintiff has adequately pled an injury from Defendants' alleged interference. The fact that Plaintiff successfully filed a brief after the time of Defendants' interference is relevant, but does not prove that the alleged interference had no effect on Plaintiff's case. The Court thus recommends denying Defendant's Motion to Dismiss to the extent it alleges interference with access to the courts with regards to *Johnson v. Brazelton,* N.D. Cal. Case No. 3:12-cv-00720-JST.

In *People v. Johnson*, First District Court of Appeal Case No. A136223, Plaintiff, represented by counsel, filed various briefs after September 18, 2012, including a supplemental brief filed on December 21, 2012. The Court issued its opinion after full briefing from the parties. (ECF No. 46, at 56-57).

Plaintiff's Second Amended Complaint alleges that this case was pending at the relevant time, (ECF No. 13, at 4), but does not allege specific injury. Plaintiff's opposition to the motion to dismiss does not address this case in particular.

In light of the fact that Plaintiff was represented by counsel in that case, that the Court's decision was rendered after full briefing, and Plaintiff has not alleged specific injury in his complaint, the Court recommends granting Defendant's Motion to Dismiss as to *People v. Johnson*, First District Court of Appeal Case No. A136223.

### C. Case that Settled After the Interference

In *Johnson v. Sisto*, E. D. Cal. Case No. 2:08-cv-01609-KJM-KJN, the case was actively litigated after the alleged interference and eventually settled on June 25, 2013. (ECF No. 46, at

7

45).

Plaintiff argues in his opposition that he was unable to fully litigate this case because of the prison's exact-cite paging system, which limits inmates to three items or case per week. However, this allegation regarding exact-cite paging is not the subject of Plaintiff's complaint in this case and is not relevant to the Motion to Dismiss.

That being said, Plaintiff's Second Amended Complaint alleges facts regarding interference not related to the exact-cite paging system which, if true, would establish an injury to the Plaintiff even though the docket shows that Plaintiff litigated the case and reached a settlement. Plaintiff's operative complaint alleges that "he was forced to settle in case 2:08-cv-01609-KJM-KJN as defendants discarded irreplaceable Declaration of Nick Daley (deceased) and Abraham Calderon both eye-ear witnesses whose testimony would have strengthened his claims and could have been provided as leverage for a higher settlement or enforcement of trial." (ECF No. 13, at 5). This adequately alleges an injury and is not disproven by Defendant's submission. Accordingly, the Court recommends that Defendant's Motion to Dismiss be denied as to allegations of interference with access to the courts as to *Johnson v. Sisto*, E. D. Cal. Case No. 2:08-cv-01609-KJM-KJN.

### D. Case Not Mentioned By Defendant's Motion to Dismiss

Defendant's motion does not mention *Johnson v. Gonzalez*, Superior Court of California County of Fresno Case No. 13ECG02602, which is discussed by Plaintiff in the Second Amended Complaint, (ECF No. 13, at 8). Plaintiff alleges that he was unable to pursue that case in part because Defendants discarded his property on February 5, 2014, and that he was denied court calls on December 23, 2013, and January 6, 2014. Plaintiff alleges that the case was voluntarily dismissed without prejudice on February 20, 2014. (ECF No. 13, at 9)

Defendant's Motion to Dismiss should thus also not be granted as to allegations of interference with *Johnson v. Gonzalez*, Superior Court of California County of Fresno Case No. 13ECG02602.[1]

---

[1] In Defendant's Motion to Dismiss, he also argues that he in particular did not interfere with certain specific cases because the underlying documents in those cases do not mention Mr. Gonzalez. The Court declines to dismiss Plaintiff's claims on these grounds. Plaintiff's Second Amended Complaint adequately alleges interference by Defendant Gonzalez. While Plaintiff's failure to mention that fact in other documents may be relevant to the truth of those allegations, they do not provide a legal basis to dismiss Plaintiff's case on the pleadings.

8

## V. WHETHER PLAINTIFF SATISFIED CALIFORNIA GOVERNMENT CLAIMS ACT EXHAUSTION REQUIREMENT

Defendant next moves to dismiss Plaintiff's state law conversion claim on the basis that Plaintiff failed to comply with the California Government Claims Act because he did not present his claim in this court within six months after receiving notice of the Government Claims Board's decision.

The Government Claims Act requires that a tort claim for damages against a public entity or its employees be presented to California's Victim Compensation and Government Claims Board ("the board") no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 910, 911.2, 950.2, 950.6. The board has forty-five days to act on a claim, or an application for leave to file a late claim; and absent an extension by agreement, if the board fails to act within forty-five days, the claim is deemed rejected, or the application is deemed denied, on the last day of the prescribed period. Cal. Gov't Code §§ 911.6, 912.4. Presentation of a written claim and action on or rejection of the claim by the board are conditions precedent to suit. Cal. Gov't Code §§ 945.4, 950.6; *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 208-09 (Cal. 2007).

Government Code § 945.6 requires "any suit brought against a public entity" to be commenced no more than six months after the public entity rejects the claim. Cal. Gov't Code § 945.6(a)(1). [2] A civil action is "commenced" by filing a complaint with the court. Cal. Civ. Proc. Code § 411.10.

Here, the Victim Compensation and Government Claims Board rejected Plaintiff's claim on April 26, 2013. (ECF No. 46, at 68) The rejection including the following:

> Warning
> Subject to certain exceptions, you have only six months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.

(ECF No. 46, at 68). Plaintiff did not file the lawsuit in this court until July 28, 2014. (ECF No. 1). Plaintiff's filing is thus outside the six-month period and is barred unless there is an exception or sufficient tolling.

---

[2] If written notice is not given, suit must be commenced within two years from accrual, Cal. Gov't Code § 945.6; *Baines Pickwick Ltd. v. City of Los Angeles*, 72 Cal. App. 4th 298, 303(1999).

In his opposition, Plaintiff argues, "Government Code Section 946.6 governs state superior court six (6) month commencement which was applicable and complied with in Superior Court case 13 CECG02602. Code of Civil Procedure § 352.1 governs federal court commencement and the 2 year tolling state of limitations apply to this action." (ECF No. 50, at 10). Thus, Plaintiff argues that he satisfied the Government Code requirement by filing a lawsuit on this subject in state court within 6 months even if this case was not filed until after the relevant period and that a two-year tolling period applies to the federal claim in this court.

In is true that Plaintiff filed a state lawsuit including identical claims within the six-month period and voluntarily dismissed that state law case in lieu of this one.[3] Defendant argues that the period should not be tolled during the pendency of that state action. Perhaps more importantly, more than six months elapsed even if the time when the state lawsuit was pending is not included, as set forth in Defendant's brief, (ECF No. 45-1, at 10). Thus, even if the pendency of the state case is tolled, Plaintiff nevertheless filed this lawsuit more than six months after his claim was rejected.

Neither party has presented a case squarely addressing this circumstance, i.e. where a Plaintiff files a state claim within the 6 month period and voluntarily dismisses it in lieu of a federal case outside the 6 month time period. In this Court's view, a plain reading of the California Government Code section supports Defendant's view that the six-month period still applies to the federal case. The relevant portion of the six month rule states "any suit brought against a public entity on a cause of action for which a claim is required to be presented . . . must be commenced: (1) If written notice is given in accordance with Section 913, not later than six months after the date such notice is personally delivered or deposited in the mail." Cal. Gov. Code § 945.6. The current lawsuit in this court is such a "suit brought against a public entity on a cause of action for which a claim is required." Thus, it "must be commenced . . . not later than six months after the date such notice is personally delivered." There is no exception for an earlier filed suit on the same matter. Although it is arguable that the pendency of that earlier suit tolled the period, it did not completely satisfy and obviate the requirement for this suit.

---

[3] The state lawsuit was the subject of Defendant's Motion for Costs and Stay, (ECF No. 23), which was decided on May 16, 2017, (ECF No. 38).

Plaintiff's second argument, regarding tolling for incarcerated plaintiffs, relies on California Code of Civil Procedure § 352.1, which states:

> § 352.1. Disability of imprisonment
>
> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.
>
> (b) This section does not apply to an action against a public entity or public employee upon a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) or Chapter 2 (commencing with Section 910) of Part 3, or Chapter 3 (commencing with Section 950) of Part 4, of Division 3.6 of Title 1 of the Government Code. This subdivision shall not apply to any claim presented to a public entity prior to January 1, 1971.

Cal. Civ. Proc. Code § 352.1.

The California Court of Appeal has held that "[t]he statute of limitations for commencing a government tort claim action is not tolled by virtue of a plaintiff's imprisonment." *Moore v. Twomey*, 120 Cal. App. 4th 910, 914 (2004); Cal. Civ. Proc. Code § 352.1(b). The California Court of Appeal Third District addressed this issue in a footnote in its opinion in *Moore v. Twomey*:

> This is true notwithstanding the language contained in subdivision (b) of Government Code section 945.6. That subdivision provides: "When a person is unable to commence a suit on a cause of action described in subdivision (a) within the time prescribed in that subdivision because he has been sentenced to imprisonment in a state prison, the time limit for the commencement of such suit is extended to six months after the date that the civil right to commence such action is restored to such person, except that the time shall not be extended if the public entity establishes that the plaintiff failed to make a reasonable effort to commence the suit, or to obtain a restoration of his civil right to do so, before the expiration of the time prescribed in subdivision (a)." Virtually unchanged since 1965 (Stats.1965, ch. 653, § 19, p. 2015), the tolling provision contained in subdivision (b) for government tort claims brought by prisoners reflected the fact that prisoners did not then retain the right to initiate civil actions although they could apply for a limited restoration of civil rights. (Cal. Law Revision Com. com., Deering's Ann. Gov.Code (1982 ed.) foll. § 945.6, p. 496; see *Williams v. Los Angeles Metropolitan Transit Authority* (1968) 68 Cal.2d 599, 604, fn. 5, 68 Cal.Rptr. 297, 440 P.2d 497.) Although Penal Code section 2601 was added in 1975 to provide

11

that prisoners retain the right to initiate civil actions (Stats.1975, ch. 1175, § 3, pp. 2897–2898; see Pen.Code, § 2601, subd. (d)), Government Code section 945.6, subdivision (b)'s extension of the limitations period to six months after "the civil right to commence such action is *restored* to" the prisoner (italics added) still assumes a prisoner is unable to commence a government tort claims action because of his imprisonment. As a result, subdivision (b) appears to lack any continuing vitality. (Cf. Civ.Code, § 3510 ["When the reason for a rule ceases, so should the rule itself"].)

*Moore*, 120 Cal. App. 4th at 914. Indeed, as quoted above, section 352.1(b) exempts "an action against a public entity or public employee upon a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) or Chapter 2 (commencing with Section 910) of Part 3, or Chapter 3 (commencing with Section 950) of Part 4, of Division 3.6 of Title 1 of the Government Code" from the two year tolling rule. Cal. C. C. P. § 352.1(b).

Accordingly, the Court recommends granting Defendant's Motion to Dismiss as to Plaintiff's state law tort claims.

## VI. RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's Motion to Dismiss, (ECF No. 45), be GRANTED in part and DENIED in part. Specifically, the Court recommends:

1. Plaintiff's state law claims be dismissed with prejudice for failure to comply with California Government Code § 945.6.
2. Plaintiff's claim against defendants Isaac Gonzalez and A. Martinez for denial of access to court claim be allowed to proceed *only* regarding interference in the following cases:
   a. *Johnson v. Brazelton,* N. D. Cal. Case No. 3:12-cv-00720-JST.
   b. *Johnson v. Sisto*, E. D. Cal. Case No. 2:08-cv-01609-KJM-KJN.
   c. *Johnson v. Gonzalez*, Superior Court of California County of Fresno Case No. 13ECG02602.
3. Plaintiff's claim against defendants Isaac Gonzalez and A. Martinez for denial of access to court claim be dismissed with prejudice as to any other lawsuits.

This Findings and Recommendation is submitted to the assigned United States District

Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **thirty (30) days** after being served with a copy, either party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**January 4, 2018**__          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE